IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEDRICK M.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-CV-1631-E-BV |
| | § | |
| FRANK BISIGNANO, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Shedrick M. seeks judicial review under 42 U.S.C. § 405(g) of the Social Security Commissioner's decision denying his application for disability insurance benefits. He claims that the Administrative Law Judge (ALJ) erred by incorrectly determining Plaintiff's past relevant work experience and reaching a different residual functional capacity (RFC) than a previous ALJ. After carefully considering the briefing, administrative record, and applicable authorities, the undersigned concludes that the ALJ applied the proper legal standards, and substantial evidence supports the RFC. The undersigned therefore **RECOMMENDS** that the United States District Judge affirm the Commissioner's decision and dismiss Plaintiff's complaint with prejudice.

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies Plaintiff only by first name and last initial.

## 1. Statement of the Case

In May 2018, Plaintiff applied for disability insurance benefits, but the Social Security Administration denied his application initially and on reconsideration. Dkt. No. 10 at 10–11.[2] Plaintiff had a hearing in August 2019 before ALJ Elizabeth B. Dunlap. *Id.* at 10. Plaintiff appeared with counsel and testified. *Id.* A vocational expert (VE) also testified. *Id.* ALJ Dunlap concluded that Plaintiff is not disabled because during the relevant period, he could perform his past work as an avionics technician. *Id.* at 25–26. Plaintiff appealed that determination, but the Appeals Council denied further administrative review. *See id.* at 1. Plaintiff then sought judicial review under § 405(g). Dkt. No. 10 at 703–06; *Shedrick M. v. Kijakazi*, No. 3:20-CV-03056-M-BT, 2022 WL 4134786 (N.D. Tex. Aug. 18, 2022), *R. & R. adopted by* 2022 WL 4133308 (N.D. Tex. Sep. 12, 2022).

The Court determined that ALJ Dunlap failed to explain her consideration of certain medical opinions, which potentially impacted the RFC and subsequent steps, and the error was not harmless. *Shedrick M.*, 2022 WL 4134786, at *3–4. The Court reversed the Commissioner's decision and remanded the case for further proceedings. *Id.* at *1; Dkt. No. 10 at 707. Pursuant to the Court's order, the Appeals Council vacated ALJ Dunlap's decision and remanded the case to a different ALJ for further proceedings consistent with the Court's decision. Dkt. No. 10 at 711.

[2] The Court cites to the record as docket number 10, along with the record's corresponding page number.

A supplemental hearing was held in October 2023 before ALJ Mark J. Mendola. *Id.* at 647. Plaintiff again appeared with counsel and testified. *Id.* A VE also testified. *Id.* ALJ Mendola concluded that Plaintiff is not disabled because he can perform past relevant work as an avionics technician or as an electronics tester. *Id.* at 657–58. Plaintiff appealed the determination, but the Appeals Council denied further administrative review. *See id.* at 644. As a result of the denial, ALJ Mendola's decision became the Commissioner's final decision and is properly before the Court. *Sims v. Apfel*, 530 U.S. 103, 107 (2000); *see also Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005) (holding that the Commissioner's final decision necessarily incorporates the Appeals Council's denial of a claimant's request for review).

In accordance with Special Order 3-350 and 28 U.S.C. § 636(b), this case was automatically referred to the undersigned United States Magistrate Judge. *See* Dkt. No. 4. Because not all parties consented to proceed before a magistrate judge, the undersigned submits these findings, conclusions, and a recommendation. *See* Dkt. No. 5.

## 2. Standard of Review

A court reviewing the Commissioner's denial of social security benefits is limited to determining whether (1) the decision is supported by substantial evidence in the record, and (2) the Commissioner applied the proper legal standards. 42 U.S.C. § 405(g) (2012); *see, e.g.*, *Higginbotham*, 405 F.3d at 335. "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (per curiam). A reviewing court must examine the entire record, including

evidence favorable to the Commissioner as well as contrary evidence. *See Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). The court "may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's]." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) (per curiam) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (per curiam)). If substantial evidence supports the Commissioner's findings, they are treated as conclusive and will be affirmed. 42 U.S.C. § 405(g) (2012); *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner makes a disability determination by conducting a five-step sequential evaluation to determine whether: (1) the claimant is currently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in Appendix 1 of the regulations; (4) the claimant is capable of performing past relevant work; and (5) the claimant, after taking into account age, education, previous work experience, and residual functional capacity, is capable of performing any other work. 20 C.F.R. § 404.1520(a)(4) (2016); *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007). If the Commissioner makes a disability determination at any step in the process, the finding is conclusive, and the analysis terminates. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

The claimant bears the burden of proof in the first four steps of the analysis. *Id.* If the claimant can satisfy that burden, the Commissioner must then show that the claimant

is capable of performing other work that exists in significant numbers in the national economy. *Id.* After making such a showing, the burden ultimately shifts back to the claimant to rebut the Commissioner's finding. *See Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).

**3. Factual Background**

Plaintiff alleges he became disabled on July 30, 2017, due to several health issues. Dkt. No. 10 at 649–50. He has an associate's degree and work experience as an electronics tester. *Id.* at 668–69.

ALJ Mendola conducted the first four steps of the evaluation and made alternative step-five findings. *Id.* at 649–58. At step one, he found that Plaintiff did not engage in substantial gainful activity from the alleged disability onset date of July 30, 2017, through the last insured date of December 31, 2017. *Id.* at 649. Next, the ALJ concluded that Plaintiff has the following severe impairments: lumbar degenerative disc disease; bilateral knee degenerative joint disease; and obesity. *Id.* at 650. The ALJ also determined that Plaintiff has several impairments that were either non-severe or not medically determinable. *Id.*

Despite the existence of severe impairments, the ALJ found at step three that Plaintiff does not have an impairment or combination of impairments that meet or equal the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 652. The ALJ then assessed Plaintiff's RFC and concluded that Plaintiff can perform "medium work" as modified: "[Plaintiff] is limited to occasionally climbing ropes/scaffolds, no climbing of ladders/ropes/scaffolds. He can frequently stoop; occasionally kneel, crouch, crawl. He

cannot be exposed to hazards such as dangerous moving machinery or unguarded heights." *Id.* (emphasis omitted). Relying on a VE's testimony, the ALJ concluded that "[t]hrough the date last insured, [Plaintiff] was capable of performing past relevant work as an avionics technician . . . or as described at the most recent hearing, an electronics tester." *Id.* (emphasis omitted). The ALJ found that those jobs "did not require the performance of work-related activities precluded by the claimant's [RFC]." *Id.* (emphasis omitted).

In addition, the ALJ made an alternative step-five finding that there are jobs existing in significant numbers in the national economy that Plaintiff can do despite his limitations. *Id.* Accordingly, the ALJ determined that Plaintiff was not disabled from the alleged onset date through Plaintiff's last insured date. *Id.*

## 4. The ALJ applied the proper legal standards, and Plaintiff has not shown that any purported error was prejudicial.

Plaintiff alleges that the ALJ erred by (1) including avionics technician as part of Plaintiff's past relevant work experience and (2) departing from RFC findings from the previous ALJ. Dkt. Nos. 11 at 9–24; 20 at 1–7. Because Plaintiff's first issue relies on the second, the Court addresses that issue first. But neither issue warrants reversal.

### A. The ALJ could make new RFC findings.

**Exertional Level:** Plaintiff argues that ALJ Mendola erred in finding that Plaintiff can perform medium work as modified, as opposed to light work. Dkt. No. 11 at 14–23. Plaintiff argues that since ALJ Dunlap determined that Plaintiff could perform light work with some limitations and since both ALJs reviewed essentially the same evidence from

the same period, ALJ Mendola was either bound by the prior finding or had to explain why his findings were different. *Id.*; Dkt. No. 20 at 2–6. Plaintiff is mistaken.

ALJ Mendola was not bound by the prior exertional finding. Longstanding Fifth Circuit authority establishes that "[o]nce a case [is] remanded to the ALJ to gather more information about the extent of [a claimant's] disability, the ALJ [is] free to reevaluate the facts." *Houston v. Sullivan*, 895 F.2d 1012, 1014 (5th Cir. 1989) (determining that, on remand, ALJ was not required to accept "initial determination that [plaintiff] was capable of light rather than medium work" and "it would be unreasonable not to allow a reassessment of [plaintiff's] work capacity"). In other words, ALJ Dunlap's vacated "decision[] had no preclusive effect on [ALJ Mendola's] findings."[3] *Jones v. Comm'r, SSA*, No. 4:21-CV-895-SDJ, 2023 WL 2612606, at *3 (E.D. Tex. Mar. 23, 2023) (collecting cases). ALJ Mendola "was fully entitled to make new findings of fact without needing to explain why those findings differed from a previous, vacated decision." *Steele v. Comm'r, SSA*, No. 4:20-CV-00867, 2022 WL 4242834, at *3 (E.D. Tex. Aug. 29, 2022) (citation omitted), *R. & R. adopted by* 2022 WL 4241740 (E.D. Tex. Sep. 14, 2022); *Valek v. Shalala*, No. 94-50766, 1995 WL 337760, at *2 (5th Cir. May 19, 1995) (explaining that, on remand from the Appeals Council, an ALJ making a "new decision . . . would not be bound by his previous findings"); *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (per curiam) (finding that the Secretary was not bound by a prior ALJ's

[3] The Commissioner incorrectly cites an unpublished Eleventh Circuit case for the proposition that "[t]he Fifth Circuit has clearly stated that a vacated ALJ decision is 'officially gone,' has 'no legal effect whatever,' and an ALJ on remand is not required to abide by an earlier decision." Dkt. No. 18 at 10 (quoting *Zuniga v. Comm'r of Soc. Sec.*, 772 F. App'x 870, 871 (11th Cir. 2019)). Regardless, ample Fifth Circuit authority shows that ALJ Mendola was not bound by ALJ Dunlap's vacated findings.

conclusion that a plaintiff could only perform light work because the Appeals Council "vacated its denial of [plaintiff's] claims based on the previous ALJ's decision and remanded [plaintiff's] case for re-determination on all issues"); *MacGregor v. Kijakazi*, No. 4:22-CV-3866, 2023 WL 11857623, at *3 (S.D. Tex. Dec. 26, 2023) (following vacatur of the first ALJ's decision, "[t]he fact that the [second] ALJ came to a different conclusion, which happened to be more unfavorable to [p]laintiff," is insufficient to obtain remand); *Mendez v. Saul*, No. 7:19-CV-291, 2021 WL 1217376, at *2 n.2 (S.D. Tex. Jan. 6, 2021) (concluding that "the second ALJ was not bound by the findings of the first ALJ"), *R. & R. adopted by* 2021 WL 1215842 (S.D. Tex. Mar. 31, 2021).

Plaintiff primarily relies on a district court decision involving a claimant who was awarded supplemental security income (SSI), subsequently incarcerated for two and a half years, and then had his benefits terminated. *Brewer v. Kijakazi*, No. CV 20-3226, 2022 WL 3591072, at *1 (E.D. La. July 7, 2022), *R. & R. adopted by* 2022 WL 3586753 (E.D. La. Aug. 22, 2022). When the claimant later reapplied for SSI, his application was denied. *Id.* The court there determined the ALJ erred in failing to give some res judicata effect to the Commissioner's prior determination that the applicant was disabled. *Id.* at *11. And even if ultimately the claimant were not found disabled, the ALJ needed to explain that determination. *Id.* But that case is easily distinguishable.

Unlike here, the determination that the *Brewer* plaintiff was disabled and entitled to benefits was never vacated. *Id.* at *1–2, *4; *see also id.* at *5 (explaining that "[a]n initial determination is binding *unless* the claimant requests reconsideration, or the Commissioner revises its decision" (emphasis added)); Dkt. No. 10 at 711. Further,

"there [was] no evidence that the ALJ ever considered" prior evidence relevant to the plaintiff's new application. *Brewer*, 2022 WL 3591072, at *10. But here, ALJ Mendola considered the record evidence relevant to Plaintiff's application. Dkt. No. 10 at 652–57.

Plaintiff's other authorities are similarly distinguishable. For example, the Fourth Circuit determined that where an ALJ found a plaintiff could perform light work but was not disabled—a final determination that was never vacated—and that plaintiff subsequently reapplied for benefits based on a change in criteria due to his age, the prior exertional finding had preclusive effect absent evidence providing an independent basis for a contrary finding. *See Lively v. Sec'y of Health & Hum. Servs.*, 820 F.2d 1391, 1391–92 & n.* (4th Cir. 1987). The Sixth Circuit found likewise in *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 841–42 (6th Cir. 1997), determining that a first, non-vacated finding that plaintiff could only perform sedentary work had some preclusive effect in a later proceeding. Again, these were final, non-vacated findings, making them materially different from the circumstances presented here.

Here, after Plaintiff's initial judicial review succeeded, the Appeals Council vacated the ALJ's first decision in its entirety. *See* Dkt. No. 10 at 711. The Appeals Council then remanded, directing the ALJ to conduct further proceedings consistent with the Court's order and take "any further action needed to complete the administrative record and issue a new decision." *Id.* Nothing in the Appeals Council's order or the Court's prior decision suggests ALJ Mendola was bound by ALJ Dunlap's RFC findings. *Shedrick M.*, 2022 WL 4134786, at *3–4 (recommending reversal of Commissioner's decision because the ALJ either rejected or failed to address the medical opinion of the

plaintiff's treating physician without explanation, which was harmful error because consideration of the opinion could impact the RFC); *see Houston*, 895 F.2d at 1015 (providing that, on remand, the second ALJ "was free to reevaluate the facts"). This is yet another way that Plaintiff's case is distinguishable from the cases on which he relies. *See Shelton v. Astrue*, No. 1:08-CV-403, 2011 WL 1234910, at *5–9 (E.D. Tex. Jan. 31, 2011) (finding res judicata applied to prevent redetermination of plaintiff's sedentary RFC, which the Appeals Council affirmed, with only portion of the ALJ's prior decision being vacated and remanded for reconsideration of other issues), *R. & R. adopted by* 2011 WL 1191946 (E.D. Tex. Mar. 30, 2011); *Gobert v. Astrue*, No. 2:12-CV-02103, 2014 WL 31254, at *1 (W.D. La. Jan. 3, 2014) (determining that, in case involving Appeals Council's reversal of ALJ's decision and remanding case with specific instructions on RFC findings and mental impairments, the ALJ had to explain why certain impairments were no longer considered severe).

Because the Court concluded that ALJ Dunlap erred by either failing to consider or failing to explain its rejection of a medical opinion—an error with potential impact on the RFC—and because the Appeals Council vacated the ALJ's prior determination in full, ALJ Mendola was not bound by Dunlap's findings and did not err by formulating a new RFC based on an evaluation of the record evidence.

**Substantial Evidence**: The RFC analysis demonstrates that ALJ Mendola adequately considered all record evidence—including Plaintiff's medical history, examination findings, daily activities, recorded observations, and more. *See* Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996) (listing kinds

of evidence considered in RFC assessment). A thorough review of the record shows that the RFC is supported by substantial evidence.

ALJ Mendola observed a lack of evidence that Plaintiff sought medical treatment from September 22, 2015, to November 16, 2017, despite the alleged onset date of July 30, 2017. Dkt. No. 10 at 653 (citing *id.* at 392, 437, 544). The ALJ reasoned that if Plaintiff's "back and knee pain were so debilitating as to preclude medium work activities, he reasonably would have been expected to require some kind of palliative treatment." *Id.* at 655. When Plaintiff finally obtained care in November 2017, a doctor performed a musculoskeletal exam that showed a normal range of motion, no edema, and a normal gait. *Id.* at 653 (citing *id.* at 392, 394). The ALJ also observed that x-rays taken the next day revealed mild imaging results. *Id.* (citing *id.* at 391, 394, 402–03, 410). Notably, the same doctor advised Plaintiff a few days later that the "x-rays showed only 'minimal arthritis' of both knees, and he should use an over-the-counter knee brace and over-the-counter pain medication." *Id.* (citing *id.* at 391). That doctor saw Plaintiff again about one month later, and a "musculoskeletal examination again revealed normal range of motion, normal gait, and no edema." *Id.* (citing *id.* at 388–89). Plaintiff testified at his most recent hearing that during the relevant period, he could only lift five pounds and climb stairs slowly. *Id.* at 678–79. However, he also testified that he could "walk about half a block without growing fatigued," "remain standing about an hour and sit for a couple of hours," and he could load and unload a dishwasher.[4] *Id.*

[4] At the August 2019 hearing before ALJ Dunlap, Plaintiff did not address his functioning during the relevant period. Dkt. No. 10 at 15, 47–50.

ALJ Mendola explained that some opinions in the record were unpersuasive either because they did not provide any functional limitation assessment, or they did not assess Plaintiff's limitations during the relevant period. *Id.* at 655–56. The ALJ did, however, determine that findings from a state agency medical consultant (SAMC) at the initial level were persuasive. *Id.* at 655; *see id.* at 16.

In July 2018, the SAMC found that Plaintiff can occasionally lift and/or carry 50 pounds; frequently lift and/or carry 25 pounds; frequently stoop; stand and/or walk for a total of 6 hours in an 8-hour workday; and sit for a total of 6 hours in an 8-hour workday with some postural limitations. *Id.* at 78–79; *see* 20 C.F.R. § 404.1567(c) (describing medium work as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds"). Further, the SAMC noted that, in May 2018, despite complaining of back and knee pain, Plaintiff reported that he was using his stationary bike two to three times a week, and he had normal gait and an upright posture. Dkt. No. 10 at 79. Plaintiff also had full range of motion in his knees with good strength overall but decreased lumber extension. *Id.* The SAMC further observed that Plaintiff claimed in his June 2018 function report that standing or sitting for long periods was difficult, but he could prepare meals, do laundry, vacuum, mow the lawn, and drive and shop. *Id.*; *id.* at 185–189. Thus, Plaintiff's statements "regarding impairment related functional limitations and restrictions [could not] reasonably be accepted as consistent with the objective medical evidence and other evidence in the case record." *Id.* at 79.

The only evidence suggesting Plaintiff's inability to do medium work with modifications during the relevant period is his own testimony. Dkt. Nos. 10 at 677–80;

11 at 6–7. However, "subjective complaints must be corroborated at least in part by objective medical testimony." *Houston*, 895 F.2d at 1016; *see* SSR 16-3p, 2017 WL 5180304, at *3 (S.S.A. Oct. 25, 2017) (explaining that "an individual's statements of symptoms alone are not enough to establish the existence of a physical or mental impairment or disability"). Other than arguing that the first ALJ crafted the proper RFC—a curious assertion given that Plaintiff alleged harmful error on initial judicial review—Plaintiff advances no argument undermining the substantial evidence that supports the RFC formulated on remand. *See* Dkt. Nos. 11 at 14–23; 20.

For these reasons, the undersigned cannot find that "no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (outlining the standard for a finding that no substantial evidence supports the ALJ's decision). And the Court must not "re-weigh the evidence or substitute [its] judgment for that of the Commissioner." *Id.* Because the ALJ's decision is sufficiently supported by his credible evidentiary choices and the medical information in the record, substantial evidence supports it. The undersigned recommends that this alleged point of error should be overruled.

**B. Any error in determining Plaintiff's relevant work history was harmless.**

Plaintiff argues that ALJ Mendola mischaracterized Plaintiff's work history, which resulted in harmful error because his past relevant work related to medium-exertion work, rather than the light-exertion work the prior ALJ applied to the RFC. Dkt. No. 11 at 9–13. His argument relies in part on the premise that ALJ Mendola incorrectly determined Plaintiff's RFC. But as discussed above, Plaintiff is mistaken and substantial evidence

supports the reformulated RFC. Further, as discussed below, ALJ Mendola's findings regarding Plaintiff's past relevant work were not erroneous, and even if they had been, any error was harmless.

After Plaintiff's first hearing, ALJ Dunlap found that Plaintiff had past relevant work history as an avionics technician. Dkt. No. 10 at 16–17. This finding was appropriate because, at the first hearing, Plaintiff testified that he worked for many years as an avionics technician, and his work-history report showed the same. *Id.* Dkt. No. 10 at 38, 165, 668–69. Further, when the VE discussed Plaintiff's past work as an avionics tester, neither Plaintiff nor his then-counsel made any correction. *Id.* at 51.

At the supplemental hearing, Plaintiff again testified about his past relevant work, but this time, he asserted that his duties more closely aligned with the job of electronics tester rather than avionics technician. *Id.* at 681–86. This distinction is relevant because an avionics technician performs light work, while an electronics tester performs medium work. *Id.*; *see* DICOT 823.261-026, 1991 WL 681723 (4th ed. rev. 1991); DICOT 726.261-018, 1991 WL 679573. The VE testified that the job duties described at the October 2023 hearing "are more consistent with the electronics tester than the avionics technician." Dkt. No. 10 at 695. But the VE further explained that a person with Plaintiff's vocational profile and RFC can perform past relevant work as either an avionics technician *or* an electronics tester. *Id.* at 697.

ALJ Mendola acknowledged that there was "some divergent information" about Plaintiff's past relevant work. Dkt. No. 10 at 694–95. The ALJ then determined that plaintiff could perform past relevant work as an avionics technician *or* electronics tester.

*Id.* at 657. That finding was supported by the entirety of the record that included Plaintiff's employment history as well as the descriptions regarding his work given at both hearings. On this record, the undersigned cannot conclude that ALJ Mendola erred in finding that Plaintiff had past relevant work as an avionics technician.

But even if ALJ Mendola erred by including the avionics technician position as past relevant work, the error was harmless because the ALJ need only find Plaintiff can do *some* of his past work. *See* 20 C.F.R. § 404.1560(c)(1) (explaining that if the Commissioner finds the "residual functional capacity is not enough to enable [the claimant] to do *any* of [his] past relevant work," the Commissioner will determine whether the claimant "can adjust to any other work"). Here, both the more strenuous job and the less strenuous job were included in Plaintiff's past relevant work, and "[i]f someone can do medium work . . . he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c). As a result, any error was harmless. *See Sinayi v. Astrue*, No. 3:11-CV-2770-D, 2012 WL 3234414, at *5 (N.D. Tex. Aug. 9, 2012) (explaining that eve "[a]ssuming *arguendo* that the VE mischaracterized [plaintiff's] past job[,] . . . the ALJ was only required to find that [plaintiff] can perform *some* of his past relevant work for [plaintiff] to be considered not disabled").

Because the undersigned finds that the ALJ did not err in assessing the RFC, Plaintiff's argument that the ALJ reversibly erred by including avionics technician in Plaintiff's past relevant work history fails. The undersigned therefore recommends that the district judge overrule this point of error.

**5. Recommendation**

For these reasons, the undersigned **RECOMMENDS** that the United States District Judge affirm the Commissioner's decision and dismiss Plaintiff's complaint with prejudice.

**6. Right to Object**

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: August 14, 2026.

Amy Burch

**AMANDA 'AMY' R. BURCH**
**UNITED STATES MAGISTRATE JUDGE**